IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **GERARDO CASISON**<br>　　　　　**Plaintiffs,**<br>**v.**<br><br>**STATE FARM LLOYDS**<br>　　　　　**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. _____** |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

NOW COMES Defendant **STATE FARM LLOYDS, ("State Farm"),** files this Notice of Removal.

## I.
## PROCEDURAL BACKGROUND

1. This lawsuit concerns State Farm's alleged mishandling of an insurance claim for damages to a residential property on or about July 25, 2020. Marie Casison is the sole named insured on the relevant insurance policy. On December 1, 2021, Marie Casison filed an Application for Appointment of Umpire against State Farm Lloyds ("State Farm") in the County Court at Law No. 6 of Hidalgo County, Texas. That application was docketed under cause number CL-21-3982-F. On December 5, 2022, Marie Casison filed an original petition under the same cause number, asserting causes of action for breach of contract, bad faith, and prompt payment violations (the "State Court Action").

2. State Farm was served with process of the Original Petition, by certified mail, on December 8, 2022. State Farm timely filed its Original Answer on December 29, 2022.

3. On March 29, 2023, Plaintiff's First Amended Petition was filed in the State Court Action. The First Amended Petition removes Marie Casison as a plaintiff and names Gerardo Casison ("Plaintiff") as the sole plaintiff instead. The First Amended Petition is "other paper" that makes this

case removable, as discussed below. State Farm filed its Original Answer to Gerardo Casison's petition on March 30, 2023.

4. State Farm timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the County Court at Law No. 6 of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.

## II.
## NATURE OF THE SUIT

5. This lawsuit involves a dispute over alleged non-payment or underpayment of insurance benefits and the handling of Marie Casison's insurance claim. In the First Amended Petition, Gerardo Casison seeks damages in connection with State Farm's alleged mishandling of Marie Casison's claim. Gerardo Casison is not a named insured on the relevant insurance policy. Gerardo Casison is Marie Casison's ex-husband.

6. The First Amended Petition asserts causes of action against Defendant State Farm for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the DTPA, and breach of the common law duty of good faith and fair dealing. *See* Plaintiff's First Amended Petition at ¶¶ 6.2-6.17. Plaintiff asserts State Farm acted knowingly and/or intentionally, and he seeks damages including actual damages, treble damages, exemplary damages, statutory interest, attorney's fees, and court costs. *See id.*

## III.
## BASIS FOR REMOVAL

7. The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiff and State Farm) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## *Diversity of Citizenship*

8. At the time the First Amended Petition was filed, Plaintiff was and still is a resident and citizen of Texas. *See* Plaintiff's First Amended Petition at ¶ 1.1.

9. Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes. See *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

10. Therefore, there is complete diversity among the parties.

## *Amount in Controversy*

11. The amount in controversy requirement "is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The "summary judgment type evidence" must be provided "only when the plaintiff contests, or the court questions, the defendant's allegation" of federal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014). The removing party bears the initial burden of showing that federal jurisdiction exists. *E.g., Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1112 (S.D. Tex. 2020). When the removing party carries its burden, the party resisting removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold." *Id.* at 1113.

12.     Where, as here, it is not apparent on the face of the petition whether the amount in controversy exceeds $75,000, the removing party can establish the amount in controversy requirement through factual allegations that are sufficient to demonstrate the requisite jurisdictional amount. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). Courts within the Fifth Circuit "routinely consider presuit demand letters when evaluating amount in controversy." *Graf v. Chesapeake Energy Corp.*, No. 5:17-CV-75, 2018 U.S. Dist. LEXIS 239207, at *24 n.4 (S.D. Tex. 2018).

13.     Here, Plaintiff demanded $52,997.55 on March 8, 2021, including $46,532.53 in economic damages. As discussed above, Plaintiff seeks treble damages for "knowing" conduct in his First Amended Petition. *See* Plaintiff's First Amended Petition at ¶ 6.12. Looking only at Plaintiff's claims for actual damages and treble damages, $46,532.53 times three is $139,597.59, which is well in excess of $75,000.00.

14.     Additionally, Plaintiff cannot show – to a legal certainty – that his recovery will not exceed $75,000. In his First Amended Petition, Plaintiff states he "seeks only monetary relief of $250,000.00 or less." Plaintiff's First Amended Petition at ¶ 3.1. Although this statement complies with Rule 47 of the Texas Rules of Civil Procedure, it does not indicate that the amount in controversy is below $75,000 and, in fact, "Rule 47 prohibits claimants from pleading specific amounts." *Yado v. Palomar Specialty Ins. Co.,* No. 7:17-CV-00083, 2017 WL 7735159, at *3 (S.D. Tex. May 11, 2017).

15.     "A Texas plaintiff who wishes to avoid removal by limiting their recovery to less than $75,000 as a matter of law must file a binding stipulation or affidavit with her original state petition." *Martinez v. Liberty Ins. Corp.*, No. H-19-3956, 2019 U.S. Dist. LEXIS 217051, at *3 (S.D. Tex. 2019). While there is a document attached to Plaintiff's First Amended Petition titled "Stipulation of Damages," that document is not effective as a *binding* stipulation that limits Plaintiff's recovery to less than $75,000, exclusive of interest and costs, for two reasons.

16. <u>First</u>, the stipulation is ineffective as it fails to state that Plaintiff will not *accept* more than $74,999.00. The stipulation's language suggesting Plaintiff will not *seek* more than $74,999.00 is insufficient to bind Plaintiff to that amount at the final judgment stage. *E.g., Yado v. Palomar Specialty Ins. Co.*, No. 7:17-CV-00083, 2017 WL 7735159, at *3 (S.D. Tex. May 11, 2017).

17. <u>Second</u>, the stipulation is ineffective because it is not signed by Plaintiff. It is signed by Plaintiff's counsel Douglas E. Pennebaker, not Plaintiff. "It is elementary that the client, not the attorney, has the ultimate say as to whether an offer of settlement for less than $75,000 would be accepted, *see* Tex. Disciplinary Rules of Professional Conduct R. 1.02(a)(2) & cmt. 3, and the binding effect of a such a stipulation on a non-signatory such as Plaintiff is open to debate and far from a legal certainty." *Rios v. Liberty Mut. Fire Ins. Co.*, No. DR-16-CV-0031-AM-VRG, 2017 WL 3274456, at *5 (W.D. Tex. Jan. 18, 2017); *see also Razo v. State Farm Lloyds*, No. 7:17-CV-00352, 2017 WL 11318849, at *2 (S.D. Tex. Oct. 18, 2017) (denying remand where stipulation was signed by counsel because "[t]he document was not signed by Plaintiffs themselves . . . and thus cannot constitute a binding stipulation."). The "stipulation of damages" attached to Plaintiff's First Amended Petition fails to establish to a legal certainty that the amount in controversy does not exceed $75,000. *Id.*

18. Based on the foregoing, the amount in controversy threshold is met in this case.

## IV.
## REMOVAL IS PROCEDURALLY CORRECT

19. This Notice of Removal is timely under 28 U.S.C. § 1446(b). State Farm was served with process of the Amended Petition constituting "other paper" on March 29, 2023.

20. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

21. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 1-A through 1-M).

22. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of State Farm's Notice of Removal was promptly given to all parties and to the clerk of the County Court at Law No. 6 of Hidalgo County, Texas.

23. All documents required by Local Rule 81 to be filed with this Notice of Removal are attached herein to the Index of Matters Filed (Exhibit 1).

## V.
## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm Lloyds also requests any additional relief to which it may be justly entitled.

Respectfully submitted,

By: /s/ *Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
ecantu@ramonworthington.com
**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
Phone: (956) 294-4800
Facsimile: 956-928-9564
Electronic Service to:
efile@ramonworthington.com
ATTORNEY IN CHARGE FOR DEFENDANT

**Of Counsel:**
Sofia A. Ramón
Fed. ID No. 20871/State Bar No. 00784811
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
Henry C. Falcon III
Fed. ID No. 3722769/State Bar No. 24122062
**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800
(956) 928-9564 – Fax
**Electronic Service to:**
**efile@ramonworthington.com**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 30, 2023 a true and correct copy of the foregoing document was served to the following:

Douglas E. Pennebaker
Eric A. Quiroz
PENNEBAKER LAW FIRM
4103 Parkdale St.
San Antonio, Texas 78229
Telephone: (210) 562-2882
Telecopier (210) 562-2880
doug@pennebakerlaw.com
eric@pennebakerlaw.com

-and-

THE LAW OFFICES OF
MICHAEL R. DE LEON, PLLC
3613 W. Alberta Rd.
Edinburg, Texas 78539
Telephone: (956) 630-4800
Telecopier: (956) 278-3226
mrdlawfirm@yahoo.com

**ATTORNEYS FOR PLAINTIFF**

/s/ *Stephen W. Bosky*
Stephen W. Bosky